UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| WILLIAM DUFFY, §<br>　　　*Plaintiff*, §<br>v. §<br>　　§   EP-24-CV-00232-MAT<br>FRANK BISIGNANO, COMMISSIONER §<br>OF THE SOCIAL SECURITY §<br>ADMINISTRATION, §<br>　　　*Defendant*. § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Complaint (ECF No. 5), filed August 16, 2024. On October 21, 2024, U.S. District Judge Kathleen Cardone assigned this case to the undersigned in accordance with 28 U.S.C. § 636(c). For the following reasons, the Court **ORDERS** that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

## I.  BACKGROUND & PROCEDURAL HISTORY

On August 16, 2024, Plaintiff William Duffy filed a Complaint against the Commissioner of the Social Security Administration ("Defendant"), seeking disability benefits. (ECF No. 5). On October 18, 2024, Defendant filed his answer in the form of the administrative record.[1] (ECF No. 13). That same day, the Court filed an Order Directing Filing of Briefs, ordering Plaintiff to file a brief by November 18, 2024. (ECF No. 14). On November 18, 2024, Plaintiff filed a Motion for an Extension of Time to submit his brief by January 18, 2025, which the Court granted. (ECF Nos. 16, 17). On January 21, 2025, Plaintiff's counsel filed a Motion to Withdraw as Counsel and

---

[1] Rule 4(b) of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) provides that "[a]n answer may be limited to a certified copy of the administrative record."

requested that Plaintiff be given an extension to file his brief. (ECF No. 21). On March 31, 2025, after giving Plaintiff the opportunity to object to his counsel's Motion, which Plaintiff did not do, the Court granted Plaintiff counsel's Motion to Withdraw and gave Plaintiff until April 30, 2025, to file a brief. (ECF No. 30). On June 11, 2025, due to Plaintiff's failure to submit his brief by April 30, 2025, the Court issued Plaintiff a Show Cause Order to both file his brief by June 24, 2025, and explain to the Court why his case should not be dismissed for failure to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b).[2] (ECF No. 36). June 24, 2025, has come and passed, and Plaintiff has neither submitted a brief nor offered the Court an explanation for his failure to comply with the Court's orders.

## II.  DISCUSSION

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). Under this Rule, the Court has "inherent power" to clear its docket of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

A court should dismiss a complaint for want of prosecution with prejudice only when there is a "clear record of delay or contumacious conduct by the plaintiff ... and when lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty. Child Welfare*

---

[2] Under Federal Rule of Civil Procedure 41(b), "[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

2

*Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks omitted).  Dismissing a case with prejudice is an "extreme sanction that deprives a litigant of the opportunity to pursue his claim," and should be saved for the most egregious circumstances.  *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir. 1981) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Here, Plaintiff failed to respond to the Court's June 11, 2025, Show Cause Order within the time specified, despite the Court's warning that failure to comply would result in dismissal of his civil action.  Furthermore, Plaintiff has not taken any action on his case since January 21, 2025.  Because of Plaintiffs failure to reply to the Show Cause order and failure to prosecute his case, the Court concludes it has no other option but to dismiss his case.  However, the Court cannot find there is a clear record of delay or contumacious conduct, such that dismissal with prejudice is warranted.

Plaintiff's failure to take any action in his case for seven months does not constitute a "clear record of delay" such that dismissal with prejudice is warranted.  The Fifth Circuit has held that to find a "clear record of delay," "[the court] must find a delay 'longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013).  District Courts within the Western District of Texas have defined "significant periods of total inactivity" as delays of close to or more than one year.  *See Martinez v. Soc. Sec. Admin.*, No. EP23CV00171DCGLS, 2024 WL 1285216, at *4 (W.D. Tex. Mar. 26, 2024) (finding Plaintiff's failure to take any action in her case for "nearly a year" constituted "clear record of delay"); *McCray v. Williams*, No. EP-23-CV-00137-DCG, 2024 WL 5373339, at *3 (W.D. Tex. Aug. 23, 2024) (noting "clear record of delay" where Plaintiff failed to file anything in his case for "over a year"); *Smith v. Saul*, No.

DR-20-CV-001-AM, 2021 WL 2459490, at *2 (W.D. Tex. Jan. 27, 2021) (holding that plaintiff's "failure to comply with the court's order in over one year is a clear record of delay"). Here, Plaintiff's failure to file anything in his case since January 21, 2025—a slightly more than seven-month delay—does not constitute "significant periods of total inactivity" such that Plaintiff's actions reflect a "clear record of delay."

Neither does Plaintiff's failure to take any action in his case demonstrate contumacious conduct such that dismissal with prejudice is warranted. The Fifth Circuit has long recognized that "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (quoting *John v. State of La.*, 828 F.2d 1129, 1132 (5th Cir. 1987)). Given the numerous "Returned Mail" notifications the Court has received since mailing Plaintiff the Court's orders via certified mail, it appears that Plaintiff has moved without notifying the Court of his new address. This circumstance, although frustrating and inconvenient to the Court, does not rise to the level of "stubborn resistance to authority" such that dismissal with prejudice is warranted. *See Pedraza v. Meyer*, 20 F.3d 470, 470 (5th Cir. 1994) (per curium) (reversing dismissal with prejudice because Plaintiff's "failure to inform the district court of his current address does not amount to a clear record of delay or contumacious conduct").[3] Accordingly, Plaintiff has not engaged in contumacious conduct such that dismissal with prejudice is warranted.

---

[3] The Court notes that "[u]npublished opinions issued before January 1, 1996, are precedent." 5th Cir. R. 47.5.3. As *Pedraza v. Meyer* is an unpublished opinion issued before 1996, it is precedent.

Because Plaintiff has neither exhibited a clear record of delay nor contumacious conduct, dismissal without prejudice is appropriate.

### III.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff's Complaint (ECF No. 5) be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

The Court **FURTHER ORDERS** that the District Clerk shall **CLOSE** this case. The Court will separately issue a Final Judgment.

**SIGNED** and **ENTERED** this <u>24th</u> day of August 2025.

*[signature]*
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**